Anna Y. Park, CA SBN 164242
Michael Farrell, CA SBN 266553
Carol Igoe, CA SBN 267673
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

Attorney for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

|   |   |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> GEMMEL PHARMACIES INC. d/b/a B & B PHARMACY, <br><br> Defendant. | CV11-10357 ODW (FFMx) <br><br> **COMPLAINT-CIVIL RIGHTS; EMPLOYMENT DISCRIMINATION** <br> (42 U.S.C. §§ 2000e, et seq. and 12117) |

## NATURE OF THE ACTION

This is an action under Title I of American with Disabilities Act of 1990 ("ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Paul Popoff, the Charging Party, who was adversely affected by such practices.

As alleged with greater particularity in Paragraphs 12-22 below, Plaintiff U.S. Equal Employment Opportunity Commission alleges that Defendant Gemmel Pharmacies Inc. d/b/a B & B Pharmacy discriminated against Paul Popoff on the basis of disability (diabetes and kidney failure) when it denied him a reasonable accommodation and then terminated him as a result, in violation of Section 102 of the ADA, 42 U.S.C. § 12112.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to § 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference §§ 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3) and pursuant to § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Central District of California.

## PARTIES

3. Plaintiff, the U.S Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by § 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference § 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant has continuously been a California corporation doing business in Los Angeles County, State of California, and have continuously had at least 15 employees. The EEOC is under the informed belief that Defendants operate as a single employer with centralized control of its operations. Defendant is located at 10244 Rosecrans Ave., Bellflower, CA 90706.

5. At all relevant times, Defendant has continuously been an employer

1    engaged in an industry affecting commerce within the meaning of § 101(5) of the

2    ADA, 42 U.S.C. § 12111(5), and § 101(7) of the ADA, 42 U.S.C. § 12111(7),

3    which incorporates by reference §§ 701(g) and (h) of Title VII, 42 U.S.C.

4    §§ 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

5         6.    At all relevant times, Defendant has been a covered entity under

6    § 101(2) of the ADA, 42 U.S.C. § 12111(2).

7         7.    All of the acts and failures to act alleged herein were duly performed

8    by and attributable to Defendant.

9                        **CONDITIONS PRECEDENT**

10        8.    More than thirty (30) days prior to the institution of this lawsuit, Paul

11   Popoff filed a charge of discrimination with the EEOC alleging that Defendants

12   violated Title I of the ADA.

13        9.    Prior to the institution of this lawsuit, the EEOC issued a Letter of

14   Determination to Defendant finding reasonable cause to believe that Defendant

15   discriminated against Mr. Popoff because of his disability.

16        10.   Prior to the institution of this lawsuit, the EEOC's representatives

17   attempted to eliminate the unlawful employment practices alleged below and to

18   effectuate Defendant's voluntary compliance with Title I of the ADA through

19   informal methods of conciliation, conference, and persuasion.

20        11.   Prior to the institution of this lawsuit, all conditions precedent were

21   satisfied.

22                        **STATEMENT OF CLAIMS**

23        12.   Paul Popoff is disabled within the meaning of the ADA due to having

24   the actual impairments of diabetes, kidney failure, and related complications.  He

25   is substantially limited in several major life activities, including the ability to

26   eliminate bodily waste and locomotion.

27        13.   Mr. Popoff was and is qualified as a pharmacist.  Defendants hired

28   Mr. Popoff as a pharmacist in January 2007.

14.    Soon thereafter, Mr. Popoff suffered kidney failure and was placed on dialysis while awaiting a transplant.

15.    Defendant knew about Mr. Popoff's disability. On one occasion, he passed out at work because of the side-effects of his dialysis.

16.    Mr. Popoff effectively requested an accommodation in the form of a leave of absence. On about August 27, 2007, Mr. Popoff received a call from UCLA Medical Center notifying him that a kidney was available for transplant and that he needed to report to the Medical Center that night. Mr. Popoff called Defendant and informed Defendant of the situation. Mr. Popoff also told Defendant that as a result of the transplant, he would be unable to work for two to three months.

17.    On about August 28, 2007 Defendant took adverse action against Mr. Popoff when it terminated Mr. Popoff rather than accommodate him with an unpaid leave of absence.

18.    Defendant never engaged in the interactive process with Mr. Popoff, and a leave of absence would have been a reasonable accommodation. The pharmacy manager was a pharmacist, and numerous agencies offer temporary pharmacists.

19.    By engaging in the conduct above, Defendant committed an unlawful employment practice in violation of § 102 (a) and (b), 42 U.S.C. § 12112 (a) and (b). More specifically, Defendant discriminated Mr. Popoff on the basis of his disability when it denied him the reasonable accommodation of an unpaid leave off absence, and then terminated him as a result.

20.    The effect of the Defendant's action complained of as described in paragraphs 12 through 18 was to deprive Mr. Popoff of equal employment opportunities.

21.    The unlawful employment practices in paragraphs 12 through 18 above were intentional.

22.    The unlawful employment practices complained of above were done with malice or with reckless indifference to Mr. Markle's federally protected rights.

## **PRAYER FOR RELIEF**

The EEOC respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with each of them, from engaging in any employment practices which discriminate on the basis of disability.

B.    Order equitable relief, including that Defendant institute and carry out policies, practices, and programs to ensure that it does not engage in future unlawful employment practices in violation of § 102(a) and (b), 42 U.S.C. § 12112(a) and (b).

C.    Order Defendant to make whole Mr. Popoff by providing appropriate back pay.

D.    Order Defendant to make Mr. Popoff whole by providing compensation for past and future pecuniary losses.

E.    Order Defendant to make Mr. Popoff whole by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above.  The non-pecuniary losses include emotional pain, suffering, inconvenience, mental anguish, humiliation and loss of enjoyment of life.

F.    Order Defendant to pay Mr. Popoff punitive damages for their malicious and/or reckless conduct.

Respectfully Submitted,


P. DAVID LOPEZ
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 "M" Street, NE.
Washington, D.C. 20507


Dated: December 14, 2011

ANNA Y. PARK
Regional Attorney

MICHAEL FARRELL
Supervisory Trial Attorney

CAROL IGOE
Senior Trial Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION