Anna Y. Park, SBN 164242
Michael Farrell, SBN 266553
Carol Igoe, SBN 267673
UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
255 East Temple Street, 4th Floor
Los Angeles, CA  90012
Telephone: (213) 894-1091
Facsimile: (213) 894-1301
lado.legal@eeoc.gov
Attorneys for Plaintiff
UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

J.P. PAK, SBN 140505
LAW OFFICES OF J.P. PAK
3600 Wilshire Blvd., Suite 1220
Los Angeles, CA 90010
Tel:  213.736.5100
Fax:  213.736.5303
Attorneys for Defendant
DEFENDANT GEMMEL PHARMACIES INC.,
d/b/a B & B PHARMACY

FILED
CLERK, U.S. DISTRICT COURT
DEC 28 2011
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DE___

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>GEMMEL PHARMACIES INC. d/b/a B & B PHARMACY,<br><br>Defendant | Case No. CV11-10357-ODW (FFMX)<br><br>**CONSENT DECREE AND [Proposed] ORDER**<br><br>Hon. Otis D. Wright II |

LODGED
CLERK, U.S. DISTRICT COURT
DEC 15 2011
CENTRAL DISTRICT OF CALIFORNIA
BY

-1-

## I. INTRODUCTION

Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") and Defendant Gemmel Pharmacies Inc. d/b/a B & B Pharmacy ("Defendant") hereby stipulate and agree to entry of this consent decree and order ("Decree") to resolve the EEOC's complaint against Defendant in <u>U.S. Equal Employment Opportunity Commission v. B & B Pharmacy</u>, Civil Case No. CV11-10357 (the "Action").

On December 15, 2011, the EEOC brought this Action against Defendant pursuant to Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991. In the Action, the EEOC alleged that Defendant discriminated against Charging Party Paul Popoff by denying him reasonable accommodation and discharging him because of his disability while he was employed by Defendant.

## II. PURPOSES AND SCOPE

A. This Decree is made and entered into by and between the EEOC and Defendant (collectively the "Parties").

B. Any provision intended to be enforceable against Defendant will be enforceable against or benefit Defendant's owners or directors, successors, and assigns.

C. The Parties have entered into this Decree for the following purposes:
 1. To provide appropriate monetary and injunctive relief;
 2. To ensure Defendant's employment practices comply with federal law, including the ADA;
 3. To ensure that Defendant's managers, supervisors, and employees receive effective ADA training;
 4. To ensure Defendant provides reasonable accommodation(s) to qualified individuals with disabilities to enable these employees to perform essential job functions and enjoy equal benefits and privileges of employment;

        5.      To ensure Defendant provides a workplace free from retaliation; and

        6.      To avoid the time, expense, and uncertainty of further litigation.

D.    The scope of this Decree will be company-wide.

## III. RELEASE OF CLAIMS

A.    This Decree fully and completely resolves all issues, claims, and allegations raised or that could have been raised in the complaint filed on December 15, 2011 by the EEOC in this action.

B.    Nothing in this Decree will be construed to preclude the EEOC from moving to enforce this Decree if Defendant fails to perform the promises contained herein.

C.    Nothing in this Decree will be construed to limit or reduce Defendant's obligation to comply with the ADA or any other federal law.

D.    This Decree in no way affects the EEOC's right to bring, process, investigate, or litigate other charges against Defendant in accordance with standard EEOC procedures, except for any claims contained in the complaint or the charge at issue in this action.

## IV. JURISDICTION AND FINDINGS

A.    The Court has jurisdiction over the Parties and the subject matter of this Action. The complaint in this Action asserts claims that, if proven, would authorize the Court to grant the equitable relief set forth in this Decree.

B.    The terms and provisions of this Decree are fair, reasonable, and just.

C.    This Decree conforms with the Federal Rules of Civil Procedure and the ADA and does not derogate the rights or privileges of any person.

D.    The Court will retain jurisdiction over this Action during the duration of the Decree for the purpose of entering any order, judgment, or decree that may be necessary to implement the relief provided herein.

## V. EFFECTIVE DATE AND DURATION

The provisions and agreements contained herein are effective immediately upon the date which this Decree is entered by the Court (the "Effective Date"). The obligations of Defendant included in this Decree will remain in effect for three (3) years after the Effective Date.

## VI. MODIFICATION AND SEVERABILITY

A.   This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein.

B.   By mutual written agreement of the Parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate its provisions.

C.   No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing and signed by each of the Parties.

D.   If one or more of the provisions of this Decree is rendered unlawful or unenforceable, (1) the Parties will make good faith efforts to agree to appropriate amendments in order to effectuate the purposes of the Decree, and (2) the remaining provisions will remain in full force and effect.

## VII. COMPLIANCE AND RESOLUTION

A.   If the EEOC has reason to believe that Defendant has failed to comply with any provision of this Decree, the EEOC may file a motion before this Court to enforce the Decree. Prior to initiating such action, the EEOC will notify Defendant of the nature of the dispute, specifying the particular provision(s) that the EEOC believes Defendant has breached. The Parties will cooperate with each other to resolve any dispute referenced in the EEOC's notice.

B.   Defendant will have thirty days to attempt to cure the putative breach. If thirty days pass without resolution or agreement to extend the time further, the EEOC may petition this Court for resolution of the dispute, seeking all available

relief, including an extension of the term of the Decree and/or attorneys' fees incurred in securing compliance with the Decree.

## VIII. VICTIM SPECIFIC RELIEF

A.  Defendant will pay Paul Popoff a total of $70,000 (the "Settlement Amount") in three installments. Defendant will pay Mr. Popoff the first installment of $25,000 by December 20, 2011; the second installment of $22,500 by March 20, 2012; and the third installment of $22,500 by June 20, 2012.

B.  The EEOC has deemed that all Settlement Amount will be designated as non-wage compensation under the ADA, and no tax withholding will be made. Defendant will prepare and distribute a 1099 tax reporting form to Paul Popoff and will make appropriate reports to the Internal Revenue Service and other tax authorities, if necessary.

C.  Within three days of the issuance of the check, Defendant will submit a copy of the check and related correspondence to Anna Y. Park, EEOC Regional Attorney, 255 East Temple Street, 4th Floor, Los Angeles, California, 90012.

D.  Defendant will purge Mr. Popoff's employment records of any negative warnings, disciplines, or other negative references during the time of his employment with Defendant.

E.  Defendant agrees to issue a positive letter of reference on behalf of Mr. Popoff.

## IX. GENERAL INJUNCTIVE RELIEF

A.  <u>Non-Discrimination</u>

Defendant, its owners and directors are enjoined for the duration of the Decree from engaging in employment practices that violate the ADA including subjecting employees with disabilities to disparate terms and conditions of employment or failing to provide reasonable accommodation(s).

B. <u>Non-Retaliation</u>

Defendant will comply with the ADA and will not retaliate against any current or former employee or applicant because he or she has in the past, or during the term of this Decree:

    1. Opposed any practice made unlawful under the ADA;
    2. Filed a charge of discrimination alleging such practice;
    3. Testified or participated in any manner in any investigation or proceeding in connection with this case or relating to any claim of an ADA violation;
    4. Has been identified as a possible witness or claimant in this Action;
    5. Asserted any rights under this Decree; or
    6. Sought and/or received any relief in accordance with this Decree.

## X. SPECIFIC INJUNCTIVE RELIEF

A. <u>Equal Employment Opportunity Coordinator</u>

Within thirty days after the Effective Date, J. P. Pak will become Defendant's Equal Employment Opportunity Coordinator ("Coordinator"). In the event of Mr. Pak not being able to fulfill this role thereafter, Defendant will have the right to appoint a similarly qualified Coordinator, and will provide written notice thereof to the EEOC within thirty days thereof. For the term of the Decree, the Coordinator's responsibilities will include:

    1. ensuring that all employees are trained on their rights and responsibilities under the ADA and this Decree;
    2. ensuring that all employees are trained on Defendant's revised policies and procedures relating to discrimination, harassment, and retaliation;

3. monitoring any investigation of any complaint of discrimination, harassment, or retaliation to ensure compliance with the ADA and this Decree;

4. ensuring that Defendant properly communicates with complainants as required by this Decree;

5. ensuring that Defendant creates a centralized system of tracking discrimination, harassment, and retaliation complaints, as required by this Decree;

6. preparing an annual report on Defendant's compliance with the ADA and this Decree; and

7. ensuring that Defendant accurately compiles and timely submits all reports by required this Decree.

B. <u>Policies and Procedures</u>

1. Defendant will revise its policies and procedures regarding applicants and employees with disabilities, requests for accommodation, the interactive process, and reasonable accommodations (the "Policy").

2. By February 10, 2012, Defendant will submit its revised Policy to the EEOC.

3. The revised Policy will include provisions prohibiting discrimination and retaliation, and requiring reasonable accommodations with regard to all terms, conditions, benefits, and privileges of employment.

4. The revised Policy will specify that:

a. Defendant's employees understand their rights and responsibilities under the ADA, the ADAAA, and this Decree; including the right to reasonable accommodation;

  b. Defendant's employees understand how to request an accommodation and/or how to accept a request for accommodation;

  c. Defendant provides reasonable accommodations with regard to all terms, conditions, benefits, and privileges of employment;

  d. Defendant engages in open and frequent communication with its employees throughout the interactive process, including timely in-person communication with the applicant or employee;

  e. Defendant provides timely accommodations;

  f. Defendant reviews all accommodation decisions with the applicant or employee, and provides the applicant or employee with the reasons for the decisions;

  g. Defendant conducts a follow-up meeting with the applicant or employee to evaluate the continued effectiveness of any accommodation;

  h. Defendant conducts a prompt, thorough, and impartial investigation into, and resolution of, any complaint of disability discrimination or retaliation; and

  j. Defendant's practices comply with the ADA, the ADAAA, and this Decree.

C. <u>Training</u>

 1. All employees, regardless of position, will be required to attend a training program of at least one hour regarding their rights and responsibilities under the ADA by March 30, 2012, and annually thereafter for the term of this Decree. This training will also include a review of employee's rights and responsibilities under this decree, and Defendants' new policies and procedures for

reporting and handling requests for accommodation, and complaints of harassment, discrimination, and retaliation.

2. Every manager, supervisor, and human resources person will be required to attend a training program of at least one hour in duration by March 30, 2012, and annually thereafter for the term of this Decree. At a minimum, this disability discrimination and retaliation training will include instruction regarding:

    a. Responsibilities and requirements of the ADA including providing reasonable accommodation(s) for individuals with disabilities, with an emphasis on those employees with developmental and intellectual disabilities;

    b. A review of Defendant's revised disability discrimination, reasonable accommodation, and interactive process policies; and

    c. A review of how to handle requests for reasonable accommodation to ensure the performance of essential job functions and the enjoyment of equal benefits and privileges of employment.

3. Within thirty days of the date of hire, for the remainder of the term of this Decree, every new employee, regardless of position, will receive appropriate training as described above.

4. Any employee required to attend any training under this Decree will verify in writing his or her attendance at each training.

5. By February 10, 2012, Defendant will submit to EEOC a description of the trainings to be provided and an outline of the curriculum developed for the trainees.

6. Defendant will give the EEOC a minimum of twenty business days advance written notice of the date, time, and location of each training provided pursuant to this Decree. An EEOC representative may attend any such

training, at the sole discretion of the EEOC, provided it gives reasonable written notice thereof to Defendant.

D. Posting of Notice

Within ten business days after the Effective Date, and throughout the term of this decree, B & B Pharmacy will post the Notice (attached as exhibit A) of the terms of this Decree in a clearly visible location frequented by employees at that facility. Within fifteen days after the Effective Date, Defendant will submit to the EEOC a statement confirming the posting of the Notice.

E. Record Keeping and Reporting

1. Document Preservation: For the duration of the Decree, Defendant agrees to maintain such records as are necessary to demonstrate their compliance with this Decree.

2. Annual Reports: On an annual basis for the duration of the Decree, Defendant will provide the EEOC with written reports. The closing period for the first report will be six months after the effective date. The annual reports will include the following:

   a. All complaints of disability discrimination and requests for accommodation tracked by date, the identity of the person who handled the complaint, and resolution of the complaint/request;

   b. All documents generated in connection with any complaint, investigation into, or resolution of every complaint of discrimination or retaliation for the duration of the Decree and the identities of the parties involved;

   c. Documents verifying the occurrence of all training sessions and names and positions of all attendees for each session as required under this Decree; and

        d.    A description detailing any changes of the procedures or record-keeping methods for centralized tracking of requests for reasonable accommodation(s), discrimination complaints and the monitoring of such complaints within thirty days before implementing such changes.

## XI. COSTS OF ADMINISTRATION AND IMPLEMENTATION

Defendant will bear all costs associated with its administration and implementation of its obligations under this Decree.

## XII. ATTORNEYS FEES AND COSTS

Each Party will bear its own costs of suit and attorneys' fees.

## XIII. MISCELLANEOUS PROVISIONS

A. During the term of this Consent Decree, Defendant will provide any potential successor-in-interest with a copy of this Decree within a reasonable time prior to the execution of any agreement for acquisition or assumption of control of any or all of B & B Pharmacy's operations or facilities.

B. During the term of this Decree, Defendant will ensure that each of its officers, managers, supervisors and Human Resources staff is aware of any term in this Decree which may be related to his/her job duties.

C. All reporting under this Decree will be directed to: Anna Y. Park, EEOC Regional Attorney, 255 East Temple Street, 4th Floor, Los Angeles, CA, 90012.

D. The Parties agree to entry of this Decree and judgment subject to final approval by the Court.

Respectfully Submitted,

Date: 12/14/11

By: _____
Anna Y. Park
Michael J. Farrell
Carol Igoe
Attorneys for Plaintiff EEOC

LAW OFFICES OF J.P. PAK

Date: 12/12/11

By: _____
J.P. PAK
Attorneys for Defendant
B & B Pharmacy

# ~~[PROPOSED]~~ ORDER

**GOOD CAUSE** having been shown, the provisions of the foregoing Consent Decree are hereby approved and compliance with all provisions thereof is fair and adequate.

**IT IS SO ORDERED.**

Date: 12/28/2011

_____
OTIS D. WRIGHT
Hon. Otis D. Wright II
United States District Court Judge

# Exhibit A

**Exhibit A**

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Los Angeles District Office**

## NOTICE OF CONSENT DECREE

TO:        ALL EMPLOYEES OF B & B PHARMACY

This Notice is being posted pursuant to a Consent Decree entered by the Federal Court in the case of <u>U.S. Equal Employment Opportunity EEOC v. B & B Pharmacy</u>, Civil Case No. 11-10357, settling a lawsuit filed by the United States Equal Employment Opportunity Commission ("EEOC").

The EEOC Commission is a government agency that enforces federal anti-discrimination laws in the workplace. In December 2011, the EEOC filed a lawsuit against B & B Pharmacy. In the lawsuit, the EEOC alleged that B & B Pharmacy had subjected an employee to disability discrimination when it terminated the employee after receiving his request for time off related to his disability. B & B Pharmacy denied all of the EEOC's allegations in the lawsuit. Thereafter, B & B Pharmacy and the EEOC reached a settlement agreement, and recorded the terms of that settlement in a Consent Decree.

Federal anti-discrimination law prohibits harassment or discrimination against any employee or applicant for employment because of a person's age, disability, race, sex, color, religion or national origin.

B & B Pharmacy is committed to complying with federal anti-discrimination laws in all respects, including providing reasonable accommodation to employees with disabilities. B & B Pharmacy will not tolerate discrimination against employees with disabilities, and will not tolerate retaliation against any employee because of the filing of a charge of discrimination, giving testimony or assistance, or participation in any manner in any investigation against B & B Pharmacy.

B & B Pharmacy will thoroughly investigate all complaints of harassment, discrimination, or retaliation. If B & B Pharmacy finds an employee has engaged in harassment, discrimination, or retaliation, that employee will be subject to discipline up to and including termination.

If you believe that you have been sexually harassed, discriminated against because of your sex, national origin, age, race, color, religion, or disability, or retaliated against, you may follow B & B Pharmacy's internal procedure and/or you may seek assistance from:

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
255 E. Temple Street, 4th Floor
Los Angeles, CA  90012
1-800-669-4000

# CERTIFICATE OF SERVICE

I am, and was at the time the herein mentioned delivery took place, a citizen of the United States, over the age of eighteen (18) years, and not a party to the above-entitled cause.

I am employed in the Legal Unit of the Los Angeles District Office of the United States Equal Employment Opportunity Commission. My business address is Equal Employment Opportunity Commission, Los Angeles District Office, 255 East Temple Street, 4th Floor, Los Angeles, CA 90012.

On the date that this certificate was executed, as shown below, the following individuals were served the foregoing **NOTICE OF LODGEMENT OF [PROPOSED] CONSENT DECREE** *via* email and U.S. Mail, at Los Angeles County, CA, as follows:

J.P. PAK
LAW OFFICES OF J.P. PAK
3600 Wilshire Blvd., Suite 1220
Los Angeles, CA 90010

loojpp@yahoo.com

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 15, 2011 at Los Angeles, California.

/s/ Carol Igoe
Carol Igoe